UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

IN ADMIRALTY

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF MANUEL RUIZ, as Owner of the 17'7" 2006 Key West Hull Identification Number KWEBE 157A606 FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY | Case No. 06-10121-CIV-MOORE/GARBER |

**ANSWER OF ANDREW SMITH AND ALEXANDER SMITH, AS CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF CHARLES SMITH, A MINOR, AND ANSWER OF WILLIAM RYAN SMITH, BY AND THROUGH HIS PARENTS ANDREW W. SMITH AND ALEXANDRA SMITH, AND ANSWER OF ANDREW W. SMITH, INDIVIDUALLY**

Claimants, Andrew Smith and Alexander Smith, as Co-personal Representative of the Estate of Charles Smith, and William Ryan Smith, a minor, by and through his parents Andrew Smith and Alexandra Smith; and Andrew W. Smith, individually, by and through their undersigned attorneys, hereby answer the Amended Verified Complaint as follows:

1. Claimants deny that this action is within the Court's jurisdiction.

2. Claimants admit the allegations of paragraph 2.

3. Claimants admit the allegations of paragraph 3.

4. Claimants are without sufficient knowledge or information with which to answer paragraph 4 and, therefore, deny same.

5. Claimants admit that they have made a claim against Manuel Ruiz arising from an incident which occurred on May 29, 2006 on navigable waters near Key West, Florida. Claimants further admit that litigation has been filed by the Smith claimants against Manuel Ruiz, among

others, in the matter identified in paragraph 5 of the Amended Verified Complaint. Claimants deny all other allegations of paragraph 5.

6.   Claimants admit that the vessel was involved in an incident while being operated on navigable waters near Key West, Florida by Christopher Ruiz on May 29, 2006, in which Claimants suffered personal injuries and the death of Charles Smith. The Claimants are without sufficient knowledge or information regarding the damage to the vessel with which to answer those allegations of paragraph 6. As to the remaining allegations of paragraph 6, Claimants deny the allegations.

7.   Claimants deny the allegations of paragraph 7.

8.   Claimants deny the allegations of paragraph 8.

9.   Claimants deny the allegations of paragraph 9 and/or deny the Plaintiff's right to the benefit of any limitation of liability pursuant to any source alleged in paragraph 9.

10.   Claimants deny the allegations of paragraph 10.

11.   Claimants deny the allegations of paragraph 11 and paragraph 5 as to any claims other than those of the Claimants herein.

12.   Claimants admit that the amount claimed by the claimants is in excess of the alleged market value of the vessel in the amount of $20,000.00. As to the remaining allegations of paragraph 12, the Claimants are without sufficient knowledge or information with which to answer those allegations and therefore, deny same.

13.   Claimants are with sufficient knowledge or information with which to answer the allegations of paragraph 13 and, therefore, deny same.

14.   Claimants admit that after the incident described in paragraph 6 of the Amended Verified Complaint, the vessel returned to the Plaintiff's house. As to the remaining allegations of

2

paragraph 14, the Claimants are without sufficient knowledge or information with which to answer the allegations and, therefore, deny same.

16. Claimants are without knowledge or information with which to answer paragraph 15 and, therefore, deny same.

16. Claimants admit the allegations of paragraph 16.

17. Claimants deny the allegations of paragraph 17.

18. Claimants deny that the Plaintiff is entitled to any of the relief sought in the Amended Verified Complaint.

### First Affirmative Defense

The Court lacks subject matter jurisdiction under 46 U.S.C. §§ 181-189.

### Second Affirmative Defense

Plaintiff has failed to state a claim entitling him to the relief requested and the Claimants demand strict proof thereof.

### Third Affirmative Defense

All allegations not specifically admitted are denied.

### Fourth Affirmative Defense

The Amended Verified Complaint fails to allege any facts upon which a proceeding for limitation or exoneration of liability will lie, and specifically, fails to allege facts that would show that the Petitioner and/or the vessel were free from fault, negligence and/or gross negligence and/or that the damages occurred without the privity and/or knowledge of the Plaintiff.

3

### Fifth Affirmative Defense

The negligence and/or gross negligence, as more specifically set forth in the Claim, occurred with the privity and/or knowledge of the Plaintiff.

### Sixth Affirmative Defense

This action should be stayed pending adjudication of the Claimants' pending state court action.

WHEREFORE, Claimants Andrew Smith and Alexander Smith, as Co-personal Representative of the Estate of Charles Smith, and William Ryan Smith, a minor, by and through his parents Andrew Smith and Alexandra Smith; and Andrew W. Smith, individually, deny that the Plaintiff is entitled to limitation of liability or to be exonerated from liability and prays that the Amended Verified Complaint be dismissed or stayed. Claimants further pray that their right to jury trial be preserved in the wrongful death and personal injury action file in the Circuit Court of the 16th Judicial Circuit in and for Monroe County, Florida; that they be allowed to make due proof of their claims against Plaintiff for all losses and damages in an amount in excess of $20,000,000, plus pre-judgment and post judgment interest and costs, that Plaintiff Manuel Ruiz' right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

### RESERVATION OF RIGHT TO JURY TRIAL

Claimants Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith; and Andrew W. Smith, individually, and William Ryan Smith, a minor, by and through his natural parents and guardians Andrew W. Smith and Alexander Smith, hereby expressly reserve the right to proceed to a trial before a jury in the previously filed wrongful death

4

and personal injury action, Case No. 2006-CA-646-K, Circuit Court of the 16th Judicial Circuit in and for Monroe County, Florida.

>Respectfully submitted,
>
>LEESFIELD LEIGHTON & PARTNERS, P.A.
>2350 S. Dixie Highway
>Miami, Florida  33133
>Tele: 305-854-4900
>Fax: 305-854-8266
>IRA H. LEESFIELD
>Fla. Bar # 140270
>THOMAS SCOLARO
>Fla. Bar # 178276
>Email: scolaro@leesfield.com
>Attorneys for Claimants
>
>JOEL S. PERWIN, P.A.
>Alfred I. DuPont Building, Suite 1422
>169 E. Flagler Street
>Miami, Florida a 33131
>Tele: 305-779-6090
>Fax: 305-779-6095
>Email: Jperwin@perwinlaw.com
>Attorneys for Claimants
>
>
>BY:   s/ Joel S. Perwin
>          JOEL S. PERWIN
>          Fla. Bar No: 316815

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of February, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

_____s/_____
Joel S. Perwin
Florida Bar No: 316814

## SERVICE LIST

James N. Hurley, Esq.
Jhurley@fowler-white.com
Fowler White Burnett, P.A.
1395 Brickell Avenue - 14th Floor
Miami, FL 33131
Tel: (305) 789-9200
Fax: (305) 789-9201
Attorneys for Plaintiff
Manuel Ruiz
Notice of CM/ECF Electronic Filing