UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

IN ADMIRALTY

IN THE MATTER OF THE COMPLAINT OF
MANUEL RUIZ, as Owner of the 17'7" 2006
Key West Hull Identification Number KWEBE 157A606
FOR EXONERATION FROM AND/OR
LIMITATION OF LIABILITY

Case No. 06-10121-CIV-
MOORE/GARBER

**CLAIM OF ANDREW SMITH AND ALEXANDER SMITH, AS
CO-PERSONAL REPRESENTATIVE OF THE ESTATE OF
CHARLES SMITH, A MINOR, AND CLAIM OF WILLIAM
RYAN SMITH, BY AND THROUGH HIS PARENTS ANDREW
W. SMITH AND ALEXANDRA SMITH, AND CLAIM OF
ANDREW W. SMITH, INDIVIDUALLY**

Claimants, Andrew Smith and Alexander Smith, as Co-personal Representatives of the Estate

of Charles Smith, a minor; and William Ryan Smith, by and through his parents and guardians,

Andrew W. Smith and Alexandra Smith; and Andrew W. Smith, individually, file their claims for

wrongful death and personal injuries and preserve their right to a jury trial in a prior filed action, and

alleged against Plaintiff, Manuel Ruiz, as follows:

1.      This is an action for wrongful death and personal injuries under the general maritime

law of the United States and the laws of the State of Florida.

2.      At all times material hereto, Claimants and their decedent child, Charles Smith, were

residents of Monroe County, State of Florida.

3.      On or about June 27, 2006, Claimants filed an action in the Circuit Court of the 16th

Judicial Circuit in and for Monroe County, Florida, Case No. 2006-CA-646-K (hereinafter referred

to as the wrongful death action) seeking recovery for the wrongful death of Charles Smith and for

personal injuries arising out of the tragic incident referred to in the Verified Complaint filed by Plaintiff in this action.

4.      At all times material, Plaintiff was a resident of Monroe County, State of Florida.

5.      At all times material, Plaintiff owned and controlled the power boat identified for these proceedings as the 17' 7" 2006 Key West Hull Identification Number KWEBE 157A606 (hereinafter "the vessel").

6.      Claimants, Andrew W. Smith and Alexandra Smith, husband and wife, are Co-Personal Representatives of the Estate of Charles Smith, and were the natural parents and guardians of decedent minor child, Charles Smith, who died at the untimely age of six (6) as a result of the Plaintiff's negligence further described herein. They are also the natural parents and guardians of minor child William Ryan Smith.

7.      On or about May 29, 2006, Plaintiff Manuel Ruiz allowed his 13-year-old minor son, Christopher Ruiz, to use and operate the subject vessel for recreational purposes, with his express and/or implied permission and consent.

8.      Prior to May 29, 2006, Christopher Ruiz operated the subject vessel and/or other motorboats in a reckless, dangerous, negligent and irresponsible manner which was known, or should have been known through due care to the Plaintiff.

9.      Prior to May 29, 2006, Plaintiff Manuel Ruiz knew or should have with due care known of Christopher Ruiz' reckless, dangerous, negligent and irresponsible operation of boats, and his other dangerous propensities, and that a foreseeable zone of risk and injury to others was a possible and foreseeable result of Christopher's conduct.

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

10.     On or about May 29, 2006, Claimant Andrew W. Smith was snorkeling off his boat on the bay side of Cow Key Channel off of Key West in Florida's territorial waters with his two sons, William Ryan Smith and six year old Charles Smith. Their divers down flag was raised.

11.     On or about May 29, 2006, Plaintiff Manuel Ruiz negligently entrusted the subject vessel to his 13-year old son, Christopher Ruiz, and negligently controlled and/or negligently supervised Christopher's use and operation of the motorboat and/or otherwise failed to properly instruct or supervise this activity.

12.     On or about May 29, 2006, Christopher Ruiz, recklessly, carelessly and negligently operated the subject vessel so as to cause it to collide into and run over the decent minor child, Charles Smith, as he was snorkeling with his father and brother. The depth of the water where the Smith family was anchored was approximately five feet.

13.     After running over Charles Smith with the vessel, Christopher Ruiz crashed into Andrew W. Smith's boat which was at anchor, causing the Smith's boat to sink.

14.     Christopher Ruiz temporarily stopped the subject vessel, but refused to render aid to Andrew W. Smith and Charles Smith as he floated bleeding from his head wounds.

15.     Andrew W. Smith and William Ryan Smith watched in horror as 6 year old Charles Smith was dying.

16.     Ignoring Andrew W. Smith's screaming pleas for help, Christopher Ruiz backed his boat off of the Smith's boat, and fled the scene of the accident he had caused, leaving the Smith family at the scene of the incident, in distress with a dying 6-year-old without rendering assistance. Christopher Ruiz returned the subject motorboat to the Plaintiff's home without notifying law enforcement.

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

17.     As result of the Plaintiff's negligence and the recklessness of Christopher Ruiz, six year old Charles Smith met his untimely death and his father and brother suffered personal injures and severe emotional distress.

### COUNT ONE

### CLAIM BY THE ESTATE OF CHARLES SMITH  FOR NEGLIGENT ENTRUSTMENT WITHIN PLAINTIFF'S KNOWLEDGE AND PRIVITY

Claimants Andrew W. Smith and Alexandra Smith adopt and restate all of the allegations contained in paragraphs 1 through 17 as if fully set for herein and alternatively and/or concurrently further allege that:

18.     Claimants Andrew W. Smith and Alexandra Smith are the statutory survivors of their minor son, Charles Smith, pursuant to the Florida Wrongful Death Act, Chapter 768, Florida Statutes.

19.     Claimants Andrew W. Smith and Alexandra Smith, bring this claim as Co-Personal Representatives of the Estate of Charles Smith, pursuant to the Florida Wrongful Death Act on behalf of the Estate and themselves as statutory survivors, and pursuant to general maritime law.

20.     At all times material, the subject vessel was owned by, and under the control of, Plaintiff Manual Ruiz who had power, authority, custody, and dominion over the subject vessel for purposes of permitting or not permitting his 13 year old son to operate the boat.

21.     At all times material, Plaintiff Manuel Ruiz had actual and/or constructive notice of his son Christopher's dangerous propensities and misbehavior and of his past experiences as a reckless, negligent, and/or dangerous boat operator.

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

22.     At all times material, Plaintiff Manuel Ruiz owed a duty to exercise reasonable care to the public, including Charles Smith and his family, in the use, operation, and entrustment of the subject vessel.

23.     Plaintiff Manuel Ruiz was negligent and breached the duty of care by negligently entrusting the subject vessel to his minor 13 year old son, who due to a lack of age, lack of judgment, experience and his past reckless and dangerous operation of the subject vessel and/or other motorboats, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan. Based upon Christopher Ruiz' past conduct, it was reasonably foreseeable that the entrustment of the subject vessel to Christopher Ruiz would create a zone of risk and result in bodily injuries to others.

24.     Plaintiff Manual Ruiz knew or should have known that Christopher Ruiz intended or was likely to use the vessel and/or to conduct himself while operating the vessel in such a manner as to create an unreasonable risk of harm to others, including Andrew W. Smith and his sons Charles and William Ryan.

25.     Plaintiff Manual Ruiz' breach of the duty of reasonable care encompasses, but is not limited to, the following acts or omissions:

a.     Allowing his son to operate the subject vessel at high rates of speed;

b.     Allowing his son to operate the subject vessel in an unsafe and reckless manner;

c.     Allowing his son to operate the subject vessel after having been placed on notice that he was previously operating the vessel in a negligent, irresponsible, reckless and dangerous manner; and had acted irresponsibly in other situations;

d.     Allowing his son to operate the subject vessel without proper training;

e.     Allowing his son to operate the subject vessel while he was not taking his medication for attention deficit disorder;

JOEL S. PERWIN, P.A.

Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

    f.      Allowing his son to operate the subject vessel without an adult on board;

    g.      Failing to prevent access to the subject vessel by his minor son;

    h.      Unreasonably and carelessly giving permission, authority and/or consent to his minor child to operate the subject vessel;

    i.      Unreasonably and carelessly allowing his minor child to gain access and use of the subject vessel; and

    j.      Failing to take reasonable steps including cautioning, training, guidance and instruction to prevent his minor child from operating the subject vessel near snorkelers, divers, swimmers and other boaters;

    k.      Disregarding his son's prior known dangerous and irresponsible activity and entrusting him with said boat.

26.    All of the aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of Plaintiff Manuel Ruiz.

27.    As a direct and proximate result of Plaintiff Manual Ruiz' above-mentioned negligent entrustment, Christopher Ruiz recklessly, dangerously, negligently and carelessly operated the subject vessel causing it to run over, collide into and kill Charles Smith.

28.    As a direct and proximate result of Plaintiff Manual Ruiz' above-mentioned negligent entrustment, Christopher Ruiz violated, at a minimum, Florida Statute Sections 327.30; 327.33; and 327.331, and Navigational Rules 5, 6, 7, and 8, federal, state, Coast Guard and county rules and ordinances.

29.    As a further direct and proximate result of Plaintiff Manual Ruiz' above-mentioned negligent entrustment, Plaintiffs Andrew W. Smith and Alexandra Smith as survivors, and as Co-personal representatives of the Estate of Charles Smith, have suffered harm including medical and funeral expenses, loss of support and services, consortium, love and affection, and mental pain and suffering and all damages allowable under law.

JOEL S. PERWIN, P.A.

Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

30.     Claimants Andrew W. Smith and Alexandra Smith claim all damages allowed under Florida's Wrongful Death Act and general maritime law for the death of their 6 year old son Charles Smith.

WHEREFORE, Claimants Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith pray that their right to jury trial be preserved in the wrongful death and personal injury action; that they be allowed to make due proof of their claim against Plaintiff for all losses and damages in an amount in excess of $20,000,000, plus pre-judgment and post judgment interest and costs, that Plaintiff Manuel Ruiz' right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

## COUNT TWO

### CLAIM BY ANDREW SMITH FOR NEGLIGENT ENTRUSTMENT WITHIN PLAINTIFF'S KNOWLEDGE AND PRIVITY

Claimant Andrew W. Smith adopts and restates all of the allegations contained in paragraphs 1 through 17 as if fully set for herein and alternatively and/or concurrently further alleges that:

31.     Claimant Andrew W. Smith is the natural father of decedent, Charles Smith.

32.     Claimant Andrew Smith brings this claim for his personal injuries under general maritime law on behalf of himself.

33.     At all times material, the subject vessel was owned by and under the control of Plaintiff Manual Ruiz, and he had power, authority, custody, and dominion over the subject vessel for purposes of permitting or not permitting his 13 year old son to operate the boat.

7

JOEL S. PERWIN, P.A.

Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

34.     At all times material, Plaintiff Manuel Ruiz had actual and/or constructive notice of his son Christopher's dangerous propensities and misbehavior and of his past experiences as a reckless, negligent, and/or dangerous boat operator.

35.     At all times material, Plaintiff Manuel Ruiz owed a duty to exercise reasonable care to the public, including Andrew Smith and his family, in the use, operation, and entrustment of the subject vessel.

36.     Plaintiff Manuel Ruiz was negligent and breached the duty of care by negligently entrusting the subject vessel to his minor 13 year old son, who due to a lack of age, lack of judgment, experience and his past reckless and dangerous operation of the subject vessel and/or other motorboats, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan. Based upon Christopher Ruiz' past conduct, it was reasonably foreseeable that the entrustment of the subject vessel to Christopher Ruiz would create a zone of risk and result in bodily injuries to others.

37.     Plaintiff Manual Ruiz knew or should have known that Christopher Ruiz intended or was likely to use the subject vessel and/or to conduct himself while operating the subject vessel in such a manner as to create an unreasonable risk of harm to others, including Andrew W. Smith and his sons Charles and William Ryan.

38.     Plaintiff Manual Ruiz' breach of the duty of reasonable care encompasses, but is not limited to, the following acts or omissions:

a.     Allowing his son to operate the subject vessel at high rates of speed;

b.     Allowing his son to operate the subject vessel in an unsafe and reckless manner;

c.     Allowing his son to operate the subject vessel after having been placed on notice that he was previously operating the vessel in a negligent, irresponsible, reckless and dangerous manner; and had acted irresponsibly in other situations;

8

    d.      Allowing his son to operate the subject vessel without proper training;

    e.      Allowing his son to operate the subject vessel while he was not taking his medication for attention deficit disorder;

    f.      Allowing his son to operate the subject vessel without an adult on board;

    g.      Failing to prevent access to the subject vessel by his minor son;

    h.      Unreasonably and carelessly giving permission, authority and/or consent to his minor child to operate the subject vessel;

    i.      Unreasonably and carelessly allowing his minor child to gain access and use of the subject vessel; and

    j.      Failing to take reasonable steps including cautioning, training, guidance and instruction to prevent his minor child from operating the subject vessel near snorkelers, divers, swimmers and other boaters;

    k.      Disregarding his son's prior known dangerous and irresponsible activity and entrusting him with said boat.

    39.    All of the aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of Plaintiff Manuel Ruiz.

    40.    Plaintiff Manuel Ruiz' breach of his duty of reasonable care resulted in Claimant Andrew W. Smith's severe emotional distress and personal injuries.

    41.    On May 29, 2006, while Andrew W. Smith was snorkeling in the company of his son, Charles Smith, he suffered the horrific emotional distress of watching as his son was run over and killed by Christopher Ruiz who was operating the subject vessel entrusted to him by Plaintiff Manuel Ruiz.

    42.    At all times material, Claimant Andrew W. Smith was himself impacted and within the zone of danger created by Plaintiff Manuel Ruiz when he negligently entrusted the subject vessel to his 13 year old son, Christopher Ruiz, who then negligently and recklessly operated the subject vessel so as to put Claimant Andrew W. Smith at personal risk for harm. At all times material,

JOEL S. PERWIN, P.A.

Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

Claimant Andrew W. Smith was within the sensory perception of his 6 year old son, Charles Smith, as he was run over and killed.

43.    As a direct and proximate result of the above described negligent conduct of Plaintiff Manuel Ruiz, Claimant Andrew W. Smith sustained physical injuries including, but not limited to, post-traumatic stress disorder, depression, emotional and physical injuries, and an inability to stop reliving the event and other physical and medical injuries.

44.    Claimant Andrew W. Smith claims damages for his personal injuries and all other elements of damages allowable under law.

WHEREFORE, Claimant Andrew W. Smith prays that his right to jury trial be preserved in the wrongful death and personal injury action; that he be allowed to make due proof of his claim against Plaintiff for all losses and damages in an amount in excess of $20,000,000, plus pre-judgment and post judgment interest and costs, that Plaintiff Manuel Ruiz' right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

### COUNT THREE

### CLAIM BY WILLIAM RYAN SMITH, BY AND THROUGH HIS NATURAL PARENTS AND GUARDIANS, ANDREW W. SMITH AND ALEXANDRA SMITH FOR NEGLIGENT ENTRUSTMENT WITHIN PLAINTIFF'S KNOWLEDGE AND PRIVITY

Claimants Andrew W. Smith and Alexandra Smith adopt and restate all of the allegations contained in paragraphs 1 through 17 as if fully set for herein and alternatively and/or concurrently further allege that:

45.    Claimants Andrew W. Smith and Alexandra Smith are the natural parents of minor Claimant, William Ryan Smith.

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

46.    Claimants Andrew W. Smith and Alexandra Smith bring this claim for the personal injuries of their minor son, William Ryan Smith, under general maritime law on his behalf.

47.    At all times material, the subject vessel was owned by and under the control of Plaintiff Manual Ruiz, and who had power, authority, custody, and dominion over the subject vessel for purposes of permitting or not permitting his 13 year old son to operate the 90 horsepower boat.

48.    At all times material, Plaintiff Manuel Ruiz had actual and/or constructive notice of his son Christopher's dangerous propensities and misbehavior and of his past experiences as a reckless, negligent, and/or dangerous boat operator.

49.    At all times material, Plaintiff Manuel Ruiz owed a duty to exercise reasonable care to the public, including Andrew Smith and his family, including William Ryan Smith, in the use, operation, and entrustment of the subject motorboat.

50.    Plaintiff Manuel Ruiz was negligent and breached the duty of care by negligently entrusting the subject vessel to his minor 13 year old son, who due to a lack of age, lack of judgment, experience and his past reckless and dangerous operation of the subject vessel and/or other motorboats, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan.  Based upon Christopher Ruiz' past conduct, it was reasonably foreseeable that the entrustment of the subject vessel to Christopher Ruiz would create a zone of risk and result in bodily injuries to others.

51.    Plaintiff Manual Ruiz knew or should have known that Christopher Ruiz intended or was likely to use the subject vessel and/or to conduct himself while operating the subject vessel in such a manner as to create an unreasonable risk of harm to others, including Andrew W. Smith and his sons Charles and William Ryan.

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

52.     Plaintiff Manual Ruiz' breach of the duty of reasonable care encompasses, but is not limited to, the following acts or omissions:

a.      Allowing his son to operate the subject vessel at high rates of speed;

b.      Allowing his son to operate the subject vessel in an unsafe and reckless manner;

c.      Allowing his son to operate the subject vessel after having been placed on notice that he was previously operating the vessel in a negligent, irresponsible, reckless and dangerous manner; and had acted irresponsibly in other situations;

d.      Allowing his son to operate the subject vessel without proper training;

e.      Allowing his son to operate the subject vessel while he was not taking his medication for attention deficit disorder;

f.      Allowing his son to operate the subject vessel without an adult on board;

g.      Failing to prevent access to the subject vessel by his minor son;

h.      Unreasonably and carelessly giving permission, authority and/or consent to his minor child to operate the subject vessel;

i.      Unreasonably and carelessly allowing his minor child to gain access and use of the subject vessel; and

j.      Failing to take reasonable steps including cautioning, training, guidance and instruction to prevent his minor child from operating the subject vessel near snorkelers, divers, swimmers and other boaters;

k.      Disregarding his son's prior known dangerous and irresponsible activity and entrusting him with said boat.

53.     All of the aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of Plaintiff Manuel Ruiz.

54.     Plaintiff Manuel Ruiz' breach of his duty of reasonable care resulted in William Ryan Smith's emotional distress and personal injuries.

55.     On May 29, 2006, while William Ryan Smith was snorkeling in the company of his father and young brother, Charles Smith, he suffered the horrific emotional distress of watching as

JOEL S. PERWIN, P.A.

Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

his brother Charles was run over and killed by Christopher Ruiz who was operating the subject vessel entrusted to him by Plaintiff Manuel Ruiz.

56.    At all times material, William Ryan Smith was himself impacted and within the zone of danger created by Plaintiff Manuel Ruiz when he negligently entrusted the subject vessel to his 13-year-old son, Christopher Ruiz, who then negligently and recklessly operated the subject vessel so as to put William Ryan Smith at personal risk for harm.  At all times material, William Ryan Smith was within the sensory perception of his 6 year old brother, Charles Smith, as he was run over and killed.

57.    As a direct and proximate result of the above described negligent conduct of Plaintiff Manuel Ruiz, William Ryan Smith sustained physical injuries including, but not limited to, post-traumatic stress disorder, depression, emotional and physical injuries, and an inability to stop reliving the event and other physical and medical injuries.

58.    William Ryan Smith, by and through his parents and guardians, Andrew W. Smith and Alexandra Smith, claims damages for his personal injuries and all other elements of damages allowable under law.

WHEREFORE, Claimant William Ryan Smith, by and through his parents and natural guardians, Andrew W. Smith and Alexandra Smith, prays that his right to jury trial be preserved in the wrongful death and personal injury action; that he be allowed to make due proof of his claim against Plaintiff for all losses and damages in an amount in excess of $20,000,000, plus pre-judgment and post judgment interest and costs, that Plaintiff Manuel Ruiz' right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

## COUNT FOUR

### CLAIM BY THE ESTATE OF CHARLES SMITH FOR NEGLIGENT SUPERVISION WITHIN PLAINTIFF'S KNOWLEDGE AND PRIVITY

Claimants Andrew W. Smith and Alexandra Smith adopt and restate all of the allegations contained in paragraphs 1 through 17 as if fully set for herein and alternatively and/or concurrently further allege that:

59.     Claimants Andrew W. Smith and Alexandra Smith are the statutory survivors of their minor son, Charles Smith, pursuant to the Florida Wrongful Death Act, Chapter 768, Florida Statutes.

60.     Claimants Andrew W. Smith and Alexandra Smith bring this claim as Co-Personal Representatives of the Estate of Charles Smith, pursuant to the Florida Wrongful Death Act on behalf of the Estate and themselves as statutory survivors, and pursuant to general maritime law.

61.     At all times material, Plaintiff Manuel Ruiz owed a duty to exercise reasonable care to the public, including Charles Smith, in the supervision of the use and operation of the subject vessel and in the supervision of his minor child.

62.     At all times material, the subject vessel was under the control of Plaintiff Manuel Ruiz, and he had power, authority, custody, and dominion over the subject vessel for purposes related to the use thereof and supervision of the vessel by his son Christopher Ruiz.

63.     At all times material, Christopher Ruiz was operating the subject vessel with the express and/or implied permission of Plaintiff Manuel Ruiz.

64.     Plaintiff Manuel Ruiz was negligent and breached the duty of care by negligently supervising his son and negligently supervising the use and operation of the subject vessel while it was being used by his reckless, dangerous, negligent and careless 13 year old son, who due to a lack

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

of age, judgment, experience and dangerous propensities about which his parent was aware, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan. Based upon Christopher Ruiz' past conduct, it was reasonably foreseeable that the failure to properly supervise Christopher in the use and operation of the subject vessel would create a zone of risk and result in bodily injuries to others.

65.    Plaintiff Manuel Ruiz' breach of the duty of reasonable care encompasses, but is not limited to, the following acts or omissions:

a.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel;

b.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he used it at excessive speeds;

c.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he used it in an unsafe and reckless manner;

d.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he was on notice that he was previously operating the boat in a negligent, reckless and dangerous manner; and actions of non-boating and recklessness prior to this incident;

e.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he had not received sufficient and proper training;

f.    Failing to supervise Christopher Ruiz' in the taking of his medications which were prescribed for his attention deficit disorder and failing to supervise Christopher's use and operation of the subject vessel while he was not taking his medications:

g.    Failing to supervise the subject vessel when he was not using it;

h.    Failing to supervise the subject vessel after negligently entrusting it to a minor child;

i.    Failing to supervise Christopher Ruiz when he was operating the subject vessel near snorkelers, divers, swimmers and other boaters;

j.    Failing to supervise, train, or instruct his son on the subject vessel when it was being operated near snorkelers, divers, swimmers and other boaters;

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

66.     Plaintiff Manuel Ruiz had actual and/or constructive notice of his son's dangerous propensities and misbehavior and his past experience as a reckless, negligent, and/or dangerous boat operator.

67.     All of the aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of Plaintiff Manuel Ruiz.

68.     As a direct and proximate result of Plaintiff Manuel Ruiz' above-mentioned negligent supervision, Christopher Ruiz recklessly, dangerously, negligently and carelessly operated the subject vessel causing it to run over, collide into and kill Charles Smith.

69.     As a direct and proximate result of Plaintiff Manuel Ruiz' above-mentioned negligent supervision, Christopher Ruiz violated, at a minimum, Florida Statute Sections 327.30; 327.33; and 327.331, and Navigational Rules 5, 6, 7, and 8 and other federal, state, county and coast guard rules and regulations.

70.     As a further direct and proximate result of Plaintiff Manuel Ruiz' above-mentioned negligent supervision, Claimants Andrew W. Smith and Alexandra Smith, as survivors and as Co-Personal Representatives of the Estate of Charles Smith, have suffered harm including medical and funeral expenses, loss of support and services, consortium, love, and affection, and mental pain and suffering.

71.     Claimants Andrew W. Smith and Alexandra Smith claim all damages allowed under Florida's Wrongful Death Act and under general maritime law, for the death of their 6 year old son Charles Smith.

WHEREFORE, Claimants Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith pray that their right to jury trial be preserved in the wrongful death and personal injury action; that they be allowed to make due proof of their claim

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

against Plaintiff for all losses and damages in an amount in excess of $20,000,000, plus pre-judgment and post judgment interest and costs, that Plaintiff Manuel Ruizs' right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

**COUNT FIVE**

**CLAIM BY ANDREW W. SMITH, INDIVIDUALLY FOR NEGLIGENT
SUPERVISION WITHIN PLAINTIFF'S KNOWLEDGE AND PRIVITY**

Claimant Andrew W. Smith adopts and restates all of the allegations contained in paragraphs 1 through 17 as if fully set for herein and alternatively and/or concurrently further alleges that:

72.      Claimant Andrew W. Smith is the natural father of decedent, Charles Smith.

73.      Claimant Andrew Smith brings this claim for his personal injuries under general maritime law on behalf of himself.

74.      At all times material, Plaintiff Manuel Ruiz owed a duty to exercise reasonable care to the public, including Andrew W. Smith, in the supervision of the use and operation of the subject vessel and in the supervision of his minor child, Christopher Ruiz.

75.      At all times material, the subject vessel was under the control of Plaintiff Manuel Ruiz, and who had power, authority, custody, and dominion over the subject vessel for purposes related to the use thereof and supervision of the vessel by his son Christopher Ruiz.

76.      At all times material, Christopher Ruiz was operating the subject vessel with the express and/or implied permission of Plaintiff Manuel Ruiz.

77.      Plaintiff Manuel Ruiz was negligent and breached the duty of care by negligently supervising his son and negligently supervising the use and operation of the subject vessel while it was being used by his reckless, dangerous, negligent and careless 13 year old son, who due to a lack

17

of age, judgment, experience and dangerous propensities about which his parent was aware, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan. Based upon Christopher Ruiz' past conduct, it was reasonably foreseeable that the failure to properly supervise Christopher in the use and operation of the subject vessel would create a zone of risk and result in bodily injuries to others.

78.    Plaintiff Manuel Ruiz had actual and/or constructive notice of his son's dangerous propensities and misbehavior and his past experience as a reckless, negligent, and/or dangerous boat operator.

79.    Plaintiff Manuel Ruiz' breach of the duty of reasonable care encompasses, but is not limited to, the following acts or omissions:

a.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel;

b.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he used it at excessive speeds;

c.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he used it in an unsafe and reckless manner;

d.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he was on notice that he was previously operating the boat in a negligent, reckless and dangerous manner; and actions of non-boating and recklessness prior to this incident;

e.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he had not received sufficient and proper training;

f.    Failing to supervise Christopher Ruiz' in the taking of his medications which were prescribed for his attention deficit disorder and failing to supervise Christopher's use and operation of the subject vessel while he was not taking his medications:

g.    Failing to supervise the subject vessel when he was not using it;

h.    Failing to supervise the subject vessel after negligently entrusting it to a minor child;

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

    i.      Failing to supervise Christopher Ruiz when he was operating the subject vessel near snorkelers, divers, swimmers and other boaters;

    j.      Failing to supervise, train, or instruct his son on the subject vessel when it was being operated near snorkelers, divers, swimmers and other boaters;

80.     As a direct and proximate result of Plaintiff Manuel Ruiz' above-mentioned negligent supervision, Christopher Ruiz recklessly, dangerously, negligently and carelessly operated the subject vessel causing it to run over, collide into and kill Charles Smith.

81.     All of the aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of Plaintiff Manuel Ruiz.

82.     Plaintiff Manuel Ruiz' breach of his duty of reasonable care resulted in Claimant Andrew W. Smith's emotional distress and personal injuries.

83.     On May 29, 2006, while Andrew W. Smith was snorkeling in the company of his son, Charles Smith, he suffered the horrific emotional distress of watching as his son was run over and killed by Christopher Ruiz who was operating the subject vessel entrusted to him by Plaintiff Manuel Ruiz.

84.     At all times material, Claimant Andrew W. Smith was himself impacted and within the zone of danger created by Plaintiff Manuel Ruiz when he negligently failed to supervise the operation of the subject vessel by his 13 year old son, Christopher Ruiz, who then negligently and recklessly operated the subject vessel so as to put Claimant Andrew W. Smith at personal risk for harm.

85.     At all times material, Claimant Andrew W. Smith was within the sensory perception of his 6 year old son, Charles Smith as he was run over and killed.

86.     As a direct and proximate result of the above described negligent conduct of Plaintiff Manuel Ruiz, Claimant Andrew W. Smith sustained physical injuries including, but not limited to,

JOEL S. PERWIN, P.A.

Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

post-traumatic stress disorder, depression, emotional and physical injuries, and an inability to stop reliving the event and other physical and medical injuries.

87.     Claimant Andrew W. Smith claims damages for his personal injuries and all other elements of damages allowable under law.

WHEREFORE, Claimant Andrew W. Smith prays that his right to jury trial be preserved in the wrongful death and personal injury action; that he be allowed to make due proof of his claim against Plaintiff for all losses and damages in an amount in excess of $20,000,000, plus pre-judgment and post judgment interest and costs, that Plaintiff Manuel Ruiz' right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

## COUNT SIX

### CLAIM BY WILLIAM RYAN SMITH, BY AND THROUGH HIS NATURAL PARENTS AND GUARDIANS, ANDREW W. SMITH AND ALEXANDRA SMITH FOR NEGLIGENT SUPERVISION WITHIN PLAINTIFF'S KNOWLEDGE AND PRIVITY

Claimants Andrew W. Smith and Alexandra Smith adopt and restate all of the allegations contained in paragraphs 1 through 17 as if fully set for herein and alternatively and/or concurrently further allege that:

88.     Claimants Andrew W. Smith and Alexandra Smith are the natural parents of minor Claimant, William Ryan Smith.

89.     Claimants Andrew W. Smith and Alexandra Smith bring this claim for the personal injuries of their minor son, William Ryan Smith, under general maritime law on his behalf.

90.     At all times material, Plaintiff Manuel Ruiz owed a duty to exercise reasonable care to the public, including William Ryan Smith, in the supervision of the use and operation of the subject vessel and in the supervision of his minor child, Christopher Ruiz.

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

91.    At all times material, the subject vessel was under the control of Plaintiff Manuel Ruiz, and he had power, authority, custody, and dominion over the subject vessel for purposes related to the use thereof and supervision of the vessel by his son Christopher Ruiz.

92.    At all times material, Christopher Ruiz was operating the subject vessel with the express and/or implied permission of Plaintiff Manuel Ruiz.

93.    Plaintiff Manuel Ruiz was negligent and breached the duty of care by negligently supervising his son and negligently supervising the use and operation of the subject vessel while it was being used by his reckless, dangerous, negligent and careless 13 year old son, who due to a lack of age, judgment, experience and dangerous propensities about which his parent was aware, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan. Based upon Christopher Ruiz' past conduct, it was reasonably foreseeable that the failure to supervise Christopher in the use and operation of the subject vessel would create a zone of risk and result in bodily injuries to others.

94.    Plaintiff Manuel Ruiz had actual and/or constructive notice of his son's dangerous propensities and misbehavior and his past experience as a reckless, negligent, and/or dangerous boat operator.

95.    Plaintiff Manuel Ruiz' breach of the duty of reasonable care encompasses, but is not limited to, the following acts or omissions:

a.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel;

b.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he used it at excessive speeds;

c.    Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he used it in an unsafe and reckless manner;

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

    d.     Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he was on notice that he was previously operating the boat in a negligent, reckless and dangerous manner; and actions of non-boating and recklessness prior to this incident;

    e.     Failing to supervise Christopher Ruiz' use and operation of the subject vessel when he had not received sufficient and proper training;

    f.     Failing to supervise Christopher Ruiz' in the taking of his medications which were prescribed for his attention deficit disorder and failing to supervise Christopher's use and operation of the subject vessel while he was not taking his medications:

    g.     Failing to supervise the subject vessel when he was not using it;

    h.     Failing to supervise the subject vessel after negligently entrusting it to a minor child;

    i.     Failing to supervise Christopher Ruiz when he was operating the subject vessel near snorkelers, divers, swimmers and other boaters;

    j.     Failing to supervise, train, or instruct his son on the subject vessel when it was being operated near snorkelers, divers, swimmers and other boaters;

96.    As a direct and proximate result of Plaintiff Manuel Ruiz' above-mentioned negligent supervision, Christopher Ruiz recklessly, dangerously, negligently and carelessly operated the subject vessel causing it to run over, collide into and kill Charles Smith.

97.    All of the aforesaid acts of negligence occurred or were occasioned within the privity and knowledge of Plaintiff Manuel Ruiz.

98.    Plaintiff Manuel Ruiz' breach of his duty of reasonable care resulted in William Ryan Smith's emotional distress and personal injuries.

99.    On May 29, 2006, while William Ryan Smith was snorkeling in the company of his father and brother, Charles Smith, he suffered the horrific emotional distress of watching as his younger brother was run over and killed by Christopher Ruiz who was operating the subject vessel entrusted to him by Plaintiff Manuel Ruiz.

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

100.    At all times material, William Ryan Smith was himself impacted and within the zone of danger created by Plaintiff Manuel Ruiz when he negligently failed to supervise the operation of the subject vessel by his 13 year old son, Christopher Ruiz, who then negligently and recklessly operated the subject vessel so as to put William Ryan Smith at personal risk for harm.

101.    At all times material, William Ryan Smith was within the sensory perception of his 6 year old brother, Charles Smith as he was run over and killed.

102.    As a direct and proximate result of the above described negligent conduct of Plaintiff Manuel Ruiz, William Ryan Smith sustained physical injuries including, but not limited to, post-traumatic stress disorder, depression, emotional and physical injuries, and an inability to stop reliving the event and other physical and medical injuries.

103.    William Ryan Smith, by and through his parents and natural guardians, claims damages for his personal injuries and all other elements of damages allowable under law.

WHEREFORE, William Ryan Smith, by and through his parents and natural guardians, prays that his right to jury trial be preserved in the wrongful death and personal injury action; that he be allowed to make due proof of his claim against Plaintiff for all losses and damages in an amount in excess of $20,000,000, plus pre-judgment and post judgment interest and costs, that Plaintiff Manuel Ruiz' right to exoneration from or limitation of liability be denied; and for such other and further relief deemed just and proper under the circumstances.

## RESERVATION OF RIGHT TO JURY TRIAL

Claimants Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith; and Andrew W. Smith, individually, and William Ryan Smith by and through his natural parents and guardians Andrew W. Smith and Alexander Smith, hereby expressly reserve the right to proceed to a trial before a jury in the previously filed wrongful death and personal

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

injury action, Case No. 2006-CA-646-K, Circuit Court of the 16th Judicial Circuit in and for Monroe

County, Florida.

Respectfully submitted,

LEESFIELD LEIGHTON & PARTNERS, P.A.
2350 S. Dixie Highway
Miami, Florida  33133
Tele:  305-854-4900
Fax:  305-854-8266
IRA H. LEESFIELD
Fla. Bar # 140270
THOMAS SCOLARO
Fla. Bar # 178276
Email: scolaro@leesfield.com
Attorneys for Claimant

and

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, Suite 1422
169 E. Flagler Street
Miami, Florida a 33131
Tele:  305-779-6090
Fax:  305-779-6095
Email: Jperwin@perwinlaw.com
Attorney for Claimants

BY: ___s/___Joel S. Perwin_____
        JOEL S. PERWIN
        Fla Bar No: 316814

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of February, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By_____ s/ _____
Joel S. Perwin
Florida Bar No: 316814

## SERVICE LIST

James N. Hurley, Esq.
Jhurley@fowler-white.com
Fowler White Burnett, P.A.
1395 Brickell Avenue - 14th Floor
Miami, FL 33131
Tel: (305) 789-9200
Fax: (305) 789-9201
Attorneys for Plaintiff
Manuel Ruiz
Notice of CM/ECF Electronic Filing

JOEL S. PERWIN, P.A.

Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com