UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

IN ADMIRALTY

Case No. 06-10121-CIV-
MOORE/GARBER

IN THE MATTER OF THE COMPLAINT
OF MANUEL RUIZ, as Owner of the 17'7"
2006 Key West Hull Identification Number
KWEBE 157A606 FOR EXONERATION
FROM AND/OR LIMITATION OF LIABILITY
_____/

**CLAIMANTS' MOTION, STIPULATION AND SUPPORTING MEMORANDUM OF LAW IN SUPPORT OF A STAY OF THIS ACTION PENDING ADJUDICATION OF STATE COURT ACTION**

Claimants Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith, a minor; Andrew W. Smith, individually; and William Ryan Smith, a minor, individually and through his parents, Andrew W. Smith and Alexandra Smith, respectfully move this Court to stay the instant limitation-of-liability proceeding pending litigation of their pending Florida state-court action. The basis for this Motion is contained in the following Memorandum:

**BACKGROUND**

This case arises out of the horrific death of six-year-old Charlie Smith, who was killed while he was snorkeling with his father and older brother in the State territorial waters near Sunset Marina at Cow Key Channel. On May 29, 2006, the Smith family's outing was tragically cut short when thirteen-year-old Christopher Ruiz recklessly drove his 90 horsepower motorboat over young Charlie Smith, nearly decapitating him as his father and brother watched in horror. Christopher Ruiz then

rammed his boat into the Smiths' boat, which was lawfully at anchor with a raised divers-down flag. That caused the Smiths' boat to sink, leaving Charlie's father, his brother and Charlie's fatally injured body in the water.

Despite frantic pleas for help from Charlie's father, Christopher Ruiz fled the scene. He simply went home and docked the boat behind his home. He did nothing whatsoever to report the incident to law enforcement authorities. Moreover, neighbors of the Ruiz family have recounted numerous incidents in which young Christopher Ruiz was recklessly speeding boats in the waters around their homes.

## MEMORANDUM

The Claimants have filed a civil action in Florida State court against vessel owner Manuel Ruiz and others arising out of the tragic incident. It is styled *Andrew W. Smith and Alexandra Smith, et al. v. Manuel Ruiz, et al.*, Case No. 2006-CA-646-K. A copy of the Amended Complaint is attached. On November 28, 2006, Manuel Ruiz filed in this Court a Notice to Claimants of Complaint for Exoneration From or Limitation of Liability, and on December 10, 2006, an Amended Verified Complaint for Exoneration From or Limitation of Liability, under 46 U.S.C. §§ 181-189. The Complaint for Exoneration alleges that Manuel Ruiz was without privity, as required for relief under 46 U.S.C. § 183(a), and therefore that his liability is limited to the amount of his alleged $20,000 interest in the vessel (Amended Verified Complaint, ¶ 6.) The Amended Verified Complaint alleges in ¶ 5 that Plaintiff Ruiz has also "received a claim" of a passenger in the Ruiz boat, Gustavo Rodriguez. However, Mr. Rodriguez has made a sworn statement (copy attached) that he has not filed and will not file such a claim.

The Claimants seek a stay of this proceeding in order to prosecute their state-law action against Manuel Ruiz and others. This request is premised upon the "saving to suitors" clause in 28 U.S.C. § 1333(I), providing that "[t]he district court shall have original jurisdiction, exclusive of the courts of the states, of":

> (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

The Claimants acknowledge this Court's exclusive jurisdiction over limitation-of-liability actions, but note that the exercise of such jurisdiction must be reconciled with the savings to suitors clause. *See, e.g., In the Matter of Complaint of Triplecheck, Inc.*, Case No. 06-21805-CIV-KING (copy attached) (staying limitation-of-liability action pending disposition of claimant's state court action); *In the Matter of the Complaint of Fury Flyer, Inc.*, Case No. 04-10094-CIV-HIGHSMITH (copy attached) (same, and noting that the plaintiff's right to limit liability must be balanced against the claimant's right pursue state court remedies); *Complaint of Cannon*, 487 F. Supp. 26, 27 (S.D. Fla. 1980). *Accord, Ex parte Green*, 286 U.S. 437 (1932); *Langnes v. Green*, 282 U.S. 531 (1931); *Newton v. Shipman*, 718 F. 2d 959 (9th Cir. 1983); *Universal Towing Co. v. Barrale*, 595 F. 2d 414 (8th Cir. 1979).

In resolving possible conflicts between a federal admiralty proceeding limiting liability and a claimant's right to a trial by jury in state court for common law and statutory claims, the federal courts initially developed two exceptions which allowed state actions to proceed: 1) when the total value of the state-law claim was less than the value of the vessel; and 2) when the controversy

involved only a single claimant whose stipulations protected the vessel owner's right to assert a limitation of liability in federal court.[1]

Given the enormity of the losses in this case, there can be no contention that the first exception applies. The second--called the single-claimant exception--is based on the premise that a limitation-of-liability proceeding is intended to resolve "competing claims to the limitation fund." Therefore "the single claimant may try liability and damages issues in another forum by filing stipulations that protect the shipowner's right to have the admiralty court ultimately adjudicate its claim to limited liability." *Beiswenger Enterprises Corp. v. Carletta*, 86 F. 3d 1032, 1037 (11th Cir. 1996) (emphasis deleted), *cert. denied*, 520 U.S. 1275 (1997).

Although a wrongful-death claim is considered a single claim by the personal representative for this purpose, *id.* at 1041,[2] additional individual claims, even from the same family, are considered separate claims. *Id.* at 1038, 1040. In the instant case, the Claimants who have filed in state court, all members of the Smith family, have asserted both wrongful-death and individual claims growing out of this incident. Therefore, this must be classified as a multiple-claimant case.[3]

However, as the court emphasized in *Beiswenger*, "[i]n recent years . . . courts have allowed claimants to transform a multiple-claims-inadequate-fund case into the functional equivalent of a

---

[1]*See Ex parte Green*, 286 U.S. 437, 438-40 (1932); *Langnes v. Green*, 282 U.S. 531, 540-44 (1931); *Gorman v. Cerasia*, 2 F. 3d 519, 524 (3d Cir. 1993); *Complaint of Midland Enterprises, Inc.*, 886 F. 2d 812, 814 (6th Cir. 1989); *Newton v. Shipman*, 718 F. 2d 959, 962 (9th Cir. 1983).

[2]*Accord, Complaint of Midland Enterprises, Inc.*, 886 F. 2d at 815-16; *Complaint of Mucho K, Inc.*, 578 F. 2d 1156, 1157-58 (5th Cir. 1978).

[3]Petitioner Manuel Ruiz has alleged in ¶ 5 that he "has received a claim on behalf of" passenger Gustavo Rodriguez. However, Mr. Rodriguez has sworn that he has not made and will not make such a claim (Statement attached).

4

JOEL S. PERWIN, P.A.
Alfred I. DuPont Building, 169 East Flagler Street, Suite 1422, Miami, FL 33131 • Tel. (305) 779-6090 • Fax (305) 779-6095 • jperwin@perwinlaw.com

single-claimant case through appropriate stipulations, including stipulations that set the priority in which the multiple claims will be paid from the limitation fund. By entering such stipulations, the damage claimant is effectively guaranteed that the vessel owner will not be exposed to competing judgments in excess of the limitation fund." 86 F. 3d at 1038. Thus, for example, in *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 149 (1957), the Supreme Court approved stipulations by multiple claimants to reduce the aggregate amount of their claims to a level below the limitation fund. The court in *Beiswenger* was "persuaded by the weight of authority in accepting the argument that multiple claimants may invoke the single-claimant exception through appropriate stipulations. Every circuit court of appeals that has expressly addressed this argument has accepted it." 86 F. 3d at 1040.[4]

The multiple-claimant stipulation must "produce the functional equivalent of a single claim . . . ." *Beiswenger*, 86 F. 3d at 1040. The multiple-claimant stipulation must do three things. First, it "must protect the vessel owner's right to litigate its claim to limited liability exclusively in the admiralty court." Second, "the stipulations must protect the vessel owner from having to pay damages in excess of the limitation fund, unless and until the admiralty court denies limited liability." Third, "the stipulations must protect the vessel owner from litigation by the damage

---

[4]*See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 451 (2001); *Suzuki of Orange Park, Inc. v. Shubert*, 86 F. 3d 1060, 1063 n. 2 (11th Cir. 1996); *Texaco, Inc. v. Williams*, 47 F. 3d 765 (5th Cir.), *cert. denied*, 516 U.S. 907 (1995); *Complaint of Port Arthur Towing on Behalf of M/V Miss Carolyn*, 42 F. 3d 312, 316 (5th Cir.), *cert. denied sub nom. Jarreau v. Port Arthur Towing Co.*, 516 U.S. 823 (1995); *Odeco Oil & Gas Co., Drilling Division v. Bonnette*, 4 F. 3d 401 (5th Cir. 1993), *cert. denied*, 511 U.S. 1004 (1994); *Gorman v. Cerasia*, 2 F. 3d 519, 526 (3d Cir. 1993); *Magnolia Marine Transport, Inc. v. Laplace Towing Corp.*, 964 F. 2d 1571 (5th Cir. 1992); *Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F. 2d 750, 756 (2d Cir. 1988); *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F. 2d 636, 644 (6th Cir. 1982); *Universal Towing Co. v. Barrele*, 595 F. 2d 414, 420 (8th Cir. 1979).

5

claimants in *any* forum outside the limitation proceeding." 86 F. 3d at 1044. To provide this protection, the claimant's stipulation must subordinate his claims to those of any other potential claimants, including potential claims against the vessel owner for contribution or indemnification which might be filed by any co-defendants in the state action. With one modification, the court in *Beiswenger* approved the stipulation filed by the claimants, and the Claimants here have replicated that stipulation as modified. In such circumstances, when adequate protection is provided, the claimant's right to trial by jury in his chosen forum must prevail. As the Supreme Court put it in *Langnes v. Green*, 282 U.S. 531, 541-42 (1931):

> To retain the cause would be to preserve the right of the ship owner, but to destroy the right of the suitor in the state court to a common law remedy; to remit the cause to the state court would be to preserve the rights of both parties. The mere statement of these diverse results is sufficient to demonstrate the justice of the latter course; and we do not doubt that, in the exercise of a sound discretion, the district court, following that course, should have granted respondent's motion to dissolve the restraining order so as to permit the cause to proceed in the state court, retaining, as a matter of precaution, the petition for a limitation of liability to be dealt with in the possible but . . . the unlikely event that the right of petitioner to a limited liability might be brought into question in the state court . . . .

## **STIPULATIONS**

The Claimants, Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith, a minor; Andrew W. Smith, individually; and William Ryan Smith, a minor, individually and through his parents, Andrew W. Smith and Alexandra Smith, provided that this Court stays the instant action to permit the prosecution of the Claimants' action against Petitioner Manuel Ruiz in Florida state court, stipulate and agree as follows:

1.     Petitioner Manuel Ruiz has the right to litigate in this Court the issue of whether he is entitled to limit his liability under the provisions of the Limitations of Liability Act, 46 U.S.C. §§ 181-189, and this Court has exclusive jurisdiction to determine that issue;

2.     The Petitioner has the right to have this Court determine the value of the Vessel identified in his Notice to Claimants immediately following the incident which is the subject of this litigation, and this Court has exclusive jurisdiction to determine that issue;

3.     The Claimants will not seek a determination of the two foregoing issues in any other court, and consent to waive any *res judicata* effect which any decision, ruling or judgment of any other court might have on those issues;

4.     The Claimants will not seek to enforce any judgment rendered in any other court, whether against the Petitioner or another person or entity that would be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petitioner to liability in excess of $20,000, until such time as this Court has adjudicated the Petitioner's right to limit that liability;

5.     In the event this Court determines that the Petitioner is entitled to limit his liability, the Claimants agree that all of their claims--*i.e.*, those of Andrew W. and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith, a minor, deceased; Andrew W. Smith and Alexandra Smith, on behalf of William Ryan Smith, a minor; and Andrew W. Smith, individually--will be subordinate to any and all other claims of any nature against Petitioner arising out of the transaction and occurrence which is the subject of this action.

7

WHEREFORE, the Claimants respectfully move this Court to grant their Motion to Stay this proceeding, to permit the prosecution of their claims in State court.

Respectfully submitted,

IRA H. LEESFIELD
Fla. Bar No: 140270
Leesfield@leesfield.com
Leesfield Leighton & Partners, P.A.
2350 South Dixie Highway
Miami, FL 33133
Tel: (305) 854-4900
Fax: (305) 854-8266

and

BY:_____s/_____
  Joel S. Perwin
  Fla Bar No: 316814
  jperwin@perwinlaw.com
  JOEL S. PERWIN, P.A.
  Alfred I. DuPont Bldg.
  Suite 1422
  169 E. Flagler Street
  Miami, FL 33131
  Tel: (305) 779-6090
  Fax: (305) 779-6095

8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of February, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                                        s/
                                            Joel S. Perwin
                                            Florida Bar No: 316814

## SERVICE LIST

James N. Hurley, Esq.
Jhurley@fowler-white.com
Fowler White Burnett, P.A.
1395 Brickell Avenue - 14th Floor
Miami, FL 33131
Tel: (305) 789-9200
Fax: (305) 789-9201
Attorneys for Plaintiff
Manuel Ruiz
Notice of CM/ECF Electronic Filing