IN THE CIRCUIT COURT FOR THE
16th JUDICIAL CIRCUIT IN AND FOR
MONROE COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.: 2006-CA-646-K

ANDREW W. SMITH and ALEXANDRA SMITH,
as Co-Personal Representatives of the
ESTATE OF CHARLES SMITH, a minor;
ANDREW W. SMITH, individually; and
WILLIAM RYAN SMITH, a minor,
individually, by and through his parents
ANDREW W. SMITH and ALEXANDRA
SMITH,

              Plaintiffs,

vs.

MANUEL RUIZ, individually, and
CHRISTINA RUIZ, individually, and
as parents and natural guardians of
CHRISTOPHER RUIZ, a minor; and
CHRISTOPHER RUIZ, individually, by
and through MANUEL RUIZ and CHRISTINA RUIZ,
his parents and natural guardians,

              Defendants.

_____/

## AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiffs, Andrew W. Smith and Alexandra Smith, as Co-Personal

Representatives of the Estate of Charles Smith, a minor; Andrew W. Smith,

individually; and William Ryan Smith, a minor, individually, by and through his

parents Andrew W. Smith and Alexandra Smith, hereby sue the Defendants

Manuel Ruiz, Christina Ruiz and Christopher Ruiz for damages and allege as

follows:

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

### ALLEGATIONS COMMON TO ALL COUNTS

1.      This is an action for damages in excess of the jurisdictional limits of this Court, exclusive of costs and interest and otherwise within the jurisdiction of this Court.

2.      Venue is proper in this Court because the events giving rise to this action occurred in Key West, Monroe County, Florida.

3.      Plaintiffs, Andrew W. Smith, Alexandra Smith, William Ryan Smith and the decedent minor child, Charles Smith, were at all times material residents of Monroe County, Florida and are otherwise *sui juris*.

4.      Plaintiffs, Andrew W. Smith and Alexandra Smith, husband and wife, are Co-Personal Representatives of the Estate of Charles Smith, and were the natural parents and guardians of decedent minor child Charles Smith, who died at the untimely age of six (6) as a result of the Defendants' negligence further described herein. They are the natural parents and guardians of minor child William Ryan Smith.

5.      At all material times, Manuel Ruiz, Christina Ruiz and Christopher Ruiz were and are residents of Monroe County, Florida. Manuel Ruiz and Christina Ruiz are *sui juris*. Defendants Manuel Ruiz and Christina Ruiz are the parents of minor Christopher Ruiz.

6.      Upon information and belief, at all times material, Defendants Manuel Ruiz and Christina Ruiz owned, possessed, controlled and/or maintained a motorboat with a high horsepower motor for recreational use for themselves and

2

their family, including their minor son, Christopher Ruiz, and customarily kept such motorboat docked at their family home located at 1 West Cypress Terrace, Key West, Florida 33040.

7.      On or about May 29, 2006, Defendants Manuel Ruiz and Christina Ruiz allowed their 13-year-old minor son, Christopher Ruiz, to use and operate the subject motorboat for recreational purposes, with their express and/or implied permission and consent.

8.      Prior to May 29, 2006, Christopher Ruiz operated the subject motorboat and/or other motorboats in a reckless, dangerous, negligent and irresponsible manner which was known to his parents.

9.      Prior to May 29, 2006, Defendants Manuel Ruiz and Christina Ruiz knew or should have with due care known of Christopher Ruiz' reckless, dangerous, negligent and irresponsible operation of boats, and his other dangerous propensities and that injury to others was a possible and foreseeable result of Christopher's conduct.

10.     On or about May 29, 2006, Plaintiff Andrew W. Smith was snorkeling off his boat on the bay side of Cow Key Channel off of Key West in Florida's territorial waters with his two sons, William Ryan Smith and Charles Smith, age 6. Their divers down flag was raised.

11.     On or about May 29, 2006, Defendants Manuel Ruiz and Christina Ruiz negligently entrusted the subject motorboat to their 13-year old son, Christopher Ruiz and negligently controlled and/or negligently supervised his used and

operation of the motorboat and/or otherwise failed to properly instruct or supervise this activity.

12.    On or about May 29, 2006, Defendant Christopher Ruiz, recklessly, carelessly and negligently operated the subject motorboat so as to cause it to collide into and run over the decent minor child, Charles Smith, as he was snorkeling with his father and brother with a divers down flag.

13.    After running over Charles Smith with the motorboat, Christopher Ruiz crashed into Andrew W. Smith's boat which was at anchor, causing the Smith's boat to sink.

14.    Christopher Ruiz temporarily stopped the subject motorboat, but refused to render aid to Andrew W. Smith and Charles Smith as he floated bleeding from his head wounds.

15.    Andrew W. Smith and William Ryan Smith watched in horror as 6 year old Charles Smith was dying.

16.    Ignoring Andrew W. Smith's screaming pleas for help, Christopher Ruiz then fled the scene of the accident he had caused, leaving the Smith family at the scene of the incident, in distress with a dying 6-year-old without rendering assistance.   Christopher Ruiz returned the subject motorboat to his home without notifying law enforcement.

17.    As result of the Defendants' combined and/or joint and several negligence and recklessness, six year old Charles Smith met his untimely death and his father and brother suffered personal injuries and severe emotional

4

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

distress.

## COUNT ONE

### WRONGFUL DEATH CLAIM FOR NEGLIGENT ENTRUSTMENT
### <u>AGAINST DEFENDANT MANUEL RUIZ</u>

Plaintiffs Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith, a minor, reallege and readopt paragraphs 1 through 17 as if fully set for herein and alternatively and/or concurrently further allege that:

18.     Andrew W. Smith and Alexandra Smith are the statutory survivors of their minor son, Charles Smith, pursuant to the Florida Wrongful Death Act, Chapter 768, Florida Statutes.  Plaintiffs, Andrew and Alexandra Smith, bring this claim as Co-Personal Representatives of the Estate of Charles Smith, on behalf of themselves as statutory survivors and demand all damages allowable by law.

19.     At all times material, the subject motorboat was under the control of Defendant Manual Ruiz, and he had power, authority, custody, and dominion over the subject motorboat for purposes of permitting or not permitting his 13 year old son to operate the boat.

20.     At all times material, Defendant Manuel Ruiz had actual and/or constructive notice of his son Christopher's dangerous propensities and misbehavior and of his past experiences as a reckless, negligent, and/or dangerous boat operator.

5

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

21.    At all times material, Defendant Manuel Ruiz owed a duty to exercise reasonable care to the public, including Charles Smith and his family, in the use, operation, and entrustment of the subject motorboat.

22.    Defendant Manuel Ruiz was negligent and breached the duty of care by negligently entrusting the subject motorboat to his minor 13 year old son, who due to a lack of age, lack of judgment, experience and his past reckless and dangerous operation of the motorboat, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan. Based upon Christopher Ruiz' past conduct, it was reasonably foreseeable that the entrustment of the subject motorboat to Christopher Ruiz would result in bodily injuries to others.

23.    Defendant Manual Ruiz knew or should have known that Christopher Ruiz intended or was likely to use the motorboat and/or to conduct himself while operating the motorboat in such a manner as to create an unreasonable risk of harm to others, including Andrew W. Smith and his sons Charles and William Ryan.

24.    Defendant Manual Ruiz' breach of the duty of reasonable care encompasses, but is not limited to the following acts or omissions:

    a.    Allowing his son to operate the subject motorboat at high rates of speed;

    b.    Allowing his son to operate the subject motorboat in an unsafe and reckless manner;

    c.    Allowing his son to operate the subject motorboat after having

6

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

been placed on notice that he was previously operating the boat in a negligent, irresponsible, reckless and dangerous manner; and had acted irresponsibly in other situations;

d.    Allowing his son to operate the subject motorboat without proper training;

e.    Allowing his son to operate the subject motorboat without an adult on board;

f.    Failing to prevent access to the subject motorboat by his minor son;

g.    Unreasonably and carelessly giving permission, authority and/or consent to his minor child to operate the subject motorboat;

h.    Unreasonably and carelessly allowing his minor child to gain access and use of the subject ; and

I.    Failing to take reasonable steps including cautioning, training, guidance and instruction to prevent his minor child from operating the subject near snorkelers, divers, swimmers and other boaters;

j.    Disregarding his son's prior known dangerous and irresponsible activity and entrusting him with said boat.

25.    As a direct and proximate result of Defendant Manual Ruiz' above-mentioned negligent entrustment, Christopher Ruiz recklessly, dangerously, negligently and carelessly operated the subject causing it to run over, collide into and kill Charles Smith.

26.    As a direct and proximate result of Defendant Manual Ruiz' above-mentioned negligent entrustment, Christopher Ruiz violated, at a minimum, Florida Statute Sections 327.30; 327.33; and 327.331, and Navigational Rules 5, 6, 7, and 8, federal, state, Coast Guard and county rules and ordinances.

27.    As a further direct and proximate result of Defendant Manual Ruiz'

7

above-mentioned negligent entrustment, Plaintiffs Andrew W. Smith and Alexandra Smith as survivors, and as Co-personal representatives of the Estate of Charles Smith, have suffered harm including medical and funeral expenses, loss of support and services, consortium, love and affection, and mental pain and suffering and all damages allowable under law.

28.     Plaintiffs claim all damages allowed under Florida's Wrongful Death Act for the death of their son Charles Smith, age 6.

WHEREFORE, Plaintiffs Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith demand judgment against Defendant Manuel Ruiz for damages, as well as pre-judgment and post judgment interest, such costs and attorneys fees as may be allowed by law, and demand a trial by jury on all issues so triable. Plaintiffs reserve the right to amend this count and add a claim for punitive damages at a later date.

## COUNT TWO

### WRONGFUL DEATH CLAIM FOR NEGLIGENT ENTRUSTMENT
### AGAINST DEFENDANT CHRISTINA RUIZ

Plaintiffs Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith, a minor, reallege and readopt paragraphs 1 through 17 as if fully set for herein and alternatively and/or concurrently further allege that:

29.     Andrew W. Smith and Alexandra Smith are the statutory survivors of

Charles Smith, a minor, pursuant to the Florida Wrongful Death Act, Chapter 768, Florida Statutes. Plaintiffs, Andrew and Alexandra Smith, bring this claim on behalf of themselves as statutory survivors and as Co-Personal Representatives of the Estate of Charles Smith and demand all damages allowable by law.

30.     At all times material, the subject motorboat was under the control of Defendant Christina Ruiz, and she had power, authority, custody, and dominion over the subject motorboat for purposes of permitting or not permitting her 13 year old son to operate the boat.

31.     At all times material, Defendant Christina Ruiz had actual and/or constructive notice of her son Christopher's dangerous propensities and misbehavior and of his past experiences as a reckless, negligent, and/or dangerous boat operator.

32.     At all times material, Defendant Christina Ruiz owed a duty to exercise reasonable care to the public, including Charles Smith and his family, in the use, operation, and entrustment of the subject motorboat.

33.     Defendant Christina Ruiz was negligent and breached the duty of care by negligently entrusting the subject motorboat to her minor 13 year old son, who due to a lack of age, lack of judgment, experience and his past reckless and dangerous operation of the motorboat, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan. Based upon Christopher Ruiz' past conduct, it was reasonably foreseeable that the

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

entrustment of the subject motorboat to Christopher Ruiz would result in bodily injuries to others.

34.    Defendant Christina Ruiz knew or should have known that Christopher Ruiz intended or was likely to use the motorboat and/or to conduct himself while operating the motorboat in such a manner as to create an unreasonable risk of harm to others, including Andrew W. Smith and his sons Charles and William Ryan.

35.    Defendant Christina Ruiz' breach of the duty of reasonable care encompasses, but is not limited to the following acts or omissions:

    a.    Allowing her son to operate the subject motorboat at high rates of speed;

    b.    Allowing her son to operate the subject motorboat in an unsafe and reckless manner;

    c.    Allowing her son to operate the subject motorboat after having been placed on notice that he was previously operating the boat in a negligent, irresponsible, reckless and dangerous manner; and had acted irresponsibly in other situations;

    d.    Allowing her son to operate the subject motorboat without proper training;

    e.    Allowing her son to operate the subject motorboat without an adult on board;

    f.    Failing to prevent access to the subject motorboat by her minor son;

    g.    Unreasonably and carelessly giving permission, authority and/or consent to her minor child to operate the subject motorboat;

    h.    Unreasonably and carelessly allowing her minor child to gain access and use of the subject motorboat; and

10

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

    I.      Failing to take reasonable steps including cautioning, training, guidance and instruction to prevent her minor child from operating the subject motorboat near snorkelers, divers, swimmers and other boaters;

    j.      Disregarding her son's prior known dangerous and irresponsible activity and entrusting him with said boat.

36.    As a direct and proximate result of Defendant Christina Ruiz' above-mentioned negligent entrustment, Christopher Ruiz recklessly, dangerously, negligently and carelessly operated the subject causing it to run over, collide into and kill Charles Smith.

37.    As a direct and proximate result of Defendant Christina Ruiz' above-mentioned negligent entrustment, Christopher Ruiz violated, at a minimum, Florida Statute Sections 327.30; 327.33; and 327.331, and Navigational Rules 5, 6, 7, and 8, federal, state, Coast Guard and county rules and ordinances.

38.    As a further direct and proximate result of Defendant Christina Ruiz' above-mentioned negligent entrustment, Plaintiffs Andrew W. Smith and Alexandra Smith as survivors, and as Co-personal representatives of the Estate of Charles Smith, have suffered harm including medical and funeral expenses, loss of support and services, consortium, love and affection, and mental pain and suffering and all damages allowable under law.

39.    Plaintiffs claim all damages allowed under Florida's Wrongful Death Act for the death of their son Charles Smith, age 6.

    WHEREFORE, Plaintiffs Andrew W. Smith and Alexandra Smith, as Co-

Personal Representatives of the Estate of Charles Smith demand judgment against Defendant Christina Ruiz for damages, as well as pre-judgment and post judgment interest, such costs and attorneys fees as may be allowed by law, and demand a trial by jury on all issues so triable. Plaintiffs reserve the right to amend this count and add a claim for punitive damages at a later date.

## COUNT THREE

### WRONGFUL DEATH CLAIM FOR NEGLIGENT SUPERVISION AGAINST DEFENDANT MANUEL RUIZ

Plaintiffs Andrew W. Smith and Alexandra Smith, as Co-Personal Representatives of the Estate of Charles Smith, a minor, reallege and readopt paragraphs 1 through 17 as if fully set for herein and alternatively and concurrently further alleges that:

40.    Andrew W. Smith and Alexandra Smith are the statutory survivors of Charles Smith, a minor, pursuant to the Florida Wrongful Death Act, Chapter 768, Florida Statutes. Plaintiffs, Andrew W. Smith and Alexandra Smith, bring this claim on behalf of themselves as statutory survivors and as Co-Personal Representatives of the Estate of Charles Smith.

41.    At all times material, Defendant Manuel Ruiz owed a duty to exercise reasonable care to the public, including Charles Smith, in the supervision of the use and operation of the subject motorboat and in the supervision of his minor child.

42.    At all times material, the subject motorboat was under the control of

Defendant Manuel Ruiz, and he had power, authority, custody, and dominion over the subject motorboat for purposes related to the use thereof and supervision of the motorboat by his son Christopher Ruiz.

43.     At all times material, Christopher Ruiz was operating the subject boat with the express and/or implied permission of Defendant Manuel Ruiz.

44.     Defendant Manuel Ruiz was negligent and breached the duty of care by negligently supervising his son and negligently supervising the use and operation of the subject motorboat while it was being used by his reckless, dangerous, negligent and careless 13 year old son, who due to a lack of age, judgment, experience and dangerous propensities about which his parent was aware, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan.

45.     Defendant Manuel Ruiz' breach of the duty of reasonable care encompasses, but is not limited to the following acts or omissions:

        a.      Failing to supervise Christopher Ruiz' use and operation of the subject motorboat;

        b.      Failing to supervise Christopher Ruiz' use and operation of the subject motorboat when he used it at excessive speeds;

        c.      Failing to supervise Christopher Ruiz' use and operation of the subject motorboat when he used it in an unsafe and reckless manner;

        d.      Failing to supervise Christopher Ruiz' use and operation of the subject motorboat when he was on notice that he was previously operating the boat in a negligent, reckless and dangerous manner; and actions of non-boating and recklessness prior to this incident;

13

e.   Failing to supervise Christopher Ruiz' use and operation of the subject motorboat when he had not received sufficient and proper training;

f.   Failing to supervise the subject motorboat when he was not using it;

g.   Failing to supervise the subject motorboat after negligently entrusting it to a minor child;

h.   Failing to supervise Christopher Ruiz when he was operating the subject motorboat near snorkelers, divers, swimmers and other boaters;

I.   Failing to supervise, train, or instruct his son on the subject motorboat when it was being operated near snorkelers, divers, swimmers and other boaters;

46.   Defendant Manuel Ruiz had actual and/or constructive notice of his son's dangerous propensities and misbehavior and his past experience as a reckless, negligent, and/or dangerous boat operator.

47.   As a direct and proximate result of Defendant Manuel Ruiz' above-mentioned negligent supervision, Christopher Ruiz recklessly, dangerously, negligently and carelessly operated the subject motorboat causing it to run over, collide into and kill Charles Smith.

48.   As a direct and proximate result of Defendant Manuel Ruiz' above-mentioned negligent supervision, Christopher Ruiz violated, at a minimum, Florida Statute Sections 327.30; 327.33; and 327.331, and Navigational Rules 5, 6, 7, and 8 and other federal, state, county and coast guard rules and regulations.

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

49.    As a further direct and proximate result of Defendant Manuel Ruiz' above-mentioned negligent supervision, Plaintiffs Andrew W. Smith and Alexandra Smith, as survivors and as Co-Personal Representatives of the Estate of Charles Smith, have suffered harm including medical and funeral expenses, loss of support and services, consortium, love, and affection, and mental pain and suffering.

50.    Plaintiffs claim all damages allowed under Florida's Wrongful Death Act for the death of their son Charles Smith, age 6.

WHEREFORE, Plaintiffs Andrew W. Smith and Alexandra Smith, as statutory survivors and as Co-Personal Representatives of the Estate of Charles Smith demand judgment against Defendant Manuel Ruiz for damages, as well as pre-judgment and post judgment interest, and costs and attorneys fees as may be allowed by law and demands a trial by jury on all issues so triable. Plaintiffs reserve the right to amend this count and add a claim for punitive damages at a later date.

## COUNT FOUR

### WRONGFUL DEATH CLAIM FOR NEGLIGENT SUPERVISION
### AGAINST DEFENDANT CHRISTINA RUIZ

Plaintiffs Andrew W. Smith and Alexandra reallege and readopt paragraphs 1 through 17 as if fully set for herein and alternatively and concurrently further alleges that:

51.     Andrew W. Smith and Alexandra Smith are the statutory survivors of Charles Smith, a minor, pursuant to the Florida Wrongful Death Act, Chapter 768, Florida Statutes. Plaintiffs, Andrew W. Smith and Alexandra Smith, bring this claim on behalf of themselves as statutory survivors and as Co-Personal Representatives of the Estate of Charles Smith.

52.     At all times material, Defendant Christina Ruiz owed a duty to exercise reasonable care to the public, in particular Charles Smith in the supervision of the use and operation of the subject motorboat which is a dangerous instrumentality and in the supervision of her minor child.

53.     At all times material, the subject motorboat was under the control of Defendant Christina Ruiz, and she had power, authority, custody, and dominion over the subject motorboat for purposes related to the use thereof and supervision of the motorboat by her son Christopher Ruiz.

54.     At all times material, Christopher Ruiz was operating the subject boat with the express and/or implied permission of Defendant Christina Ruiz.

55.     Defendant Christina Ruiz was negligent and breached the duty of care by negligently supervising her son and negligently supervising the use and

operation of the subject motorboat while it was being used by her reckless, dangerous, negligent and careless 13 year old son, who due to a lack of age, judgment, experience and dangerous propensities about which his parent was aware, was a source of danger to others, including Andrew W. Smith and his sons Charles and William Ryan.

56.    Defendant Christina Ruiz' breach of the duty of reasonable care encompasses, but is not limited to the following acts or omissions:

a.    Failing to supervise Christopher Ruiz' use and operation of the subject motorboat;

b.    Failing to supervise Christopher Ruiz' use and operation of the subject motorboat when he used it at excessive speeds;

c.    Failing to supervise Christopher Ruiz' use and operation of the subject motorboat when he used it in an unsafe and reckless manner;

d.    Failing to supervise Christopher Ruiz' use and operation of the subject motorboat when she was on notice that he was previously operating the boat in a negligent, reckless and dangerous manner; and actions of non-boating and recklessness prior to this incident;

e.    Failing to supervise Christopher Ruiz' use and operation of the subject motorboat when he had not received sufficient and proper training;

f.    Failing to supervise the subject motorboat when she was not using it;

g.    Failing to supervise the subject motorboat after negligently entrusting it to a minor child;

h.    Failing to supervise Christopher Ruiz when he was operating the subject motorboat near snorkelers, divers, swimmers and other

17

boaters;

l.    Failing to supervise, train, or instruct his son on the subject motorboat when it was being operated near snorkelers, divers, swimmers and other boaters;

57.    Defendant Christina Ruiz had actual and/or constructive notice of her son's dangerous propensities and misbehavior and his past experience as a reckless, negligent, and/or dangerous operator of the subject boat.

58.    As a direct and proximate result of Defendant Christina Ruiz' above-mentioned negligent supervision, Christopher Ruiz recklessly, dangerously, negligently and carelessly operated the subject motorboat causing it to run over, collide into and kill Charles Smith.

59.    As a direct and proximate result of Defendant Christina Ruiz' above-mentioned negligent supervision, Christopher Ruiz violated, at a minimum, Florida Statute Sections 327.30; 327.33; and 327.331, and Navigational Rules 5, 6, 7, and 8 and other federal, state, county and coast guard rules and regulations.

60.    As a further direct and proximate result of Defendant Christina Ruiz' above-mentioned negligent supervision, Plaintiffs Andrew W. Smith and Alexandra Smith, as survivors and as Co-Personal Representatives of the Estate of Charles Smith, have suffered harm including medical and funeral expenses, loss of support and services, consortium, love, and affection, and mental pain and suffering.

61.     Plaintiffs claim all damages allowed under Florida's Wrongful Death Act for the death of their son Charles Smith, age 6.

WHEREFORE, Plaintiffs Andrew W. Smith and Alexandra Smith, as statutory survivors and as Co-Personal Representatives of the Estate of Charles Smith demand judgment against Defendant Manuel Ruiz for damages, as well as pre-judgment and post judgment interest, and costs and attorneys fees as may be allowed by law and demands a trial by jury on all issues so triable. Plaintiffs reserve the right to amend this count and add a claim for punitive damages at a later date.

### COUNT FIVE

### WRONGFUL DEATH CLAIM AGAINST CHRISTOPHER RUIZ, A MINOR, BY AND THROUGH HIS PARENTS AND GUARDIANS MANUEL RUIZ AND CHRISTINA RUIZ

Plaintiffs, Andrew W. Smith and Alexandra reallege and readopt paragraphs 1 through 17 as if fully set for herein and alternatively and concurrently further alleges that:

62.     On or about May 29, 2006, Christopher Ruiz was 13 years old. This action is being brought against Defendant Christopher Ruiz individually, by and through his parents and guardians, Manuel Ruiz and Christina Ruiz.

63.     On or about May 29, 2006, Defendant Christopher Ruiz was in possession, custody, control and operated the subject motorboat at and in the

19

bay side of Cow Key Channel off of Key West, Florida.

64.    At all times material, Christopher Ruiz owed a duty of reasonable care in the operation, control, possession and use of the subject motorboat.

65.    On or about May 29, 2006 Christopher Ruiz, breached his duty to exercise reasonable care in the operation, control, possession and use of the subject motorboat by committing, but not limited to, the following acts and omissions:

> a.    Failure to operate the subject motorboat at a safe and reasonable speed;
>
> b.    Failure to keep a safe and proper lookout while operating the subject motorboat;
>
> c.    Recklessly operating the subject motorboat at an excess speed under the conditions;
>
> d.    Failure to use caution in the operation of the subject motorboat when approaching snorkelers with a divers down flag;
>
> e.    Failure to use caution in the operation of the subject motorboat when approaching snorkelers, divers, swimmers and other boaters;
>
> f.    Failure to take reasonable precautions to avoid running over Charles Smith;
>
> g.    Failure to take reasonable precautions to avoid colliding with Andrew W. Smith's boat; and
>
> h.    Failure to operate the subject motorboat at a reasonable speed under prevailing circumstances;
>
> I.    Violation of Florida Statute Sections 327.30;

j.      Violation of Florida Statute Sections 327.33;

k.      Violation of Florida Statute Sections 327.331;

l.      Violation of Navigational Rule 5;

m.      Violation of Navigational Rule 6;

n.      Violation of Navigational Rule 7; and

o.      Violation of Navigational Rule 8.

66.   As a direct and proximate result of the above-mentioned negligence, Christopher Ruiz, recklessly, carelessly and negligently operated the subject motorboat so as to cause it to collide into and run over the decent minor child Charles Smith as he was snorkeling with his father and brother with a divers down flag.

67.   As a further direct and proximate result of the above-mentioned negligence, Plaintiffs Andrew W. Smith and Alexandra Smith, as survivors and as Co-personal representatives of the Estate of Charles Smith, have suffered harm including medical and funeral expenses, loss of support and services, love and affection, consortium, and mental pain and suffering.

68.   Plaintiffs claim all damages allowed by Florida's Wrongful Death Act for the death of their son Charles Smith, age 6.

WHEREFORE, Plaintiffs Andrew W. Smith and Alexandra Smith, as statutory survivors and as Co-personal representatives of the Estate of Charles Smith demand judgment against Defendant Christopher Ruiz, by and through

his parents and guardians Manuel Ruiz and Christina Ruiz, for damages as well as pre-judgment and post judgment interest, and costs and attorneys fees as may be allowed by law, and demands a trial by jury on all issues so triable. Plaintiffs reserve the right to amend this count and add a claim for punitive damages at a later date.

## COUNT SIX

### ANDREW W. SMITH'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST CHRISTOPHER RUIZ, <u>A MINOR, BY AND THROUGH HIS PARENTS AND GUARDIANS</u>

Plaintiff, Andrew W. Smith, realleges and readopts paragraphs 1 through 17 and 65 as if fully set for herein and alternatively and concurrently further alleges that:

69.     At all times material, Plaintiff Andrew W. Smith was the natural father of Charles Smith age 6, deceased.

70.     At all times material, Defendant Christopher Ruiz owed a duty to exercise reasonable care in the use, operation, control, and possession of the subject motorboat.

71.     Christopher Ruiz breached his duty of reasonable care, resulting in Plaintiff Andrew W. Smith's severe emotional distress and personal injuries.

72.     On May 29, 2006, while Plaintiff Andrew W. Smith was snorkeling in the company of his son, Charles Smith. Andrew W. Smith suffered the horrific

emotional distress of watching as his son was run over and killed by Defendant Christopher Ruiz.

73.     At all times material, Plaintiff Andrew W. Smith was himself impacted and within the zone of danger created by Defendant Christopher Ruiz' negligent and reckless operation of the subject motorboat and was himself at personal risk for harm. At all times material, Plaintiff Andrew W. Smith was within the sensory perception of his 6 year old son, Charles Smith as he was run over and killed.

74.     As a direct and proximate result of the above described negligent conduct of Christopher Ruiz, Plaintiff Andrew W. Smith sustained emotional distress which has manifested in physical injuries including, but not limited to, post-traumatic stress disorder, depression, emotional and physical injuries, and an inability to stop reliving the event and other physical and medical injuries.

75.     Plaintiff Andrew W. Smith claims damages for the negligent infliction of emotional distress and personal injuries and all other elements of damages allowable under law.

WHEREFORE, Plaintiff Andrew W. Smith demands judgment against Defendant Christopher Ruiz, by and through his parents and guardians Manuel Ruiz and Christina Ruiz, for damages, as well as pre-judgment and post judgment interest and costs and attorneys fees as may be allowed by law, and demands a trial by jury on all issues so triable. Plaintiff reserves the right to amend this count and add a claim for punitive damages at a later date.

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

### COUNT SEVEN

### WILLIAM RYAN SMITH'S NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS CLAIM AGAINST CHRISTOPHER RUIZ, <u>A MINOR, BY AND THROUGH HIS PARENTS AND GUARDIANS</u>

Plaintiff, William Ryan Smith, by and through his parents and guardians, realleges and readopts paragraphs 1 through 17 and 65 as if fully set for herein and alternatively and concurrently further alleges that:

76.     This claim for negligent infliction of emotional distress against Christopher Ruiz is being brought on behalf of William Ryan Smith by his parents and guardians, Andrew W. Smith and Alexandra Smith.

77.     At all times material, Plaintiff William Ryan Smith was the natural brother of Charles Smith age 6, deceased.

78.     On May 29, 2006, Plaintiff William Ryan Smith was snorkeling in the company of his younger brother, Charles Smith.

79.     At all times material Defendant Christopher Ruiz owed a duty to exercise reasonable care in the operation, control, possession and use of the subject .

80.     Christopher Ruiz breached his duty of reasonable care, resulting in Plaintiff William Ryan Smith's severe emotional distress and mental anguish.

81.     William Ryan Smith suffered the horrific emotional distress of watching as his brother was run over and killed by Defendant Christopher Ruiz.

82.     At all times material Plaintiff William Ryan Smith was himself impacted

and in the zone of danger created by Defendant Christopher Ruiz' negligent operation of the subject motorboat and was at personal risk for harm. At all times material Plaintiff William Ryan Smith was within the sensory perception of his younger brother Charles Smith as he was run over and killed.

83.    As a direct and proximate result of the above described negligent conduct, Plaintiff William Ryan Smith has sustained severe emotional distress which has manifested in physical injuries, including by not limited to post-traumatic stress disorder, depression, physical and emotional injuries, and an inability to stop reliving the event and direct physical, medical and bodily dysfunction and harm.

84.    Plaintiff, William Ryan Smith, claims damages for the negligent infliction of emotional distress and personal injuries, and all other elements of damages allowable under law.

WHEREFORE, Plaintiff William Ryan Smith, by and through his parents and guardians, Andrew W. Smith and Alexandra Smith, demands judgment against Defendant Christopher Ruiz, by and through his parents and guardians Manuel Ruiz and Christina Ruiz, for damages as well as pre-judgment and post judgment interest; and costs and attorneys fees as may be allowed by law, and demands a trial by jury on all issues so triable. Plaintiff reserves the right to amend this count and add a claim for punitive damages at a later date.

*Smith v. Ruiz, et al.*
*Case No. 2006-CA-646-K*

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by First Class U.S. mail to: Robert Tucker, Esquire, Hinshaw & Culbertson, P. O. Box 569009, 9155 South Dadeland Blvd., Suite 1600, Miami, FL 33256-9009 and James N. Hurley, Fowler White Burnett, PA, Attorneys for Defendants, 1395 Espirito Santo building, 14th Floor, Miami, FL 33131 this ____ day of _____, 2006.

**LEESFIELD LEIGHTON & PARTNERS, P.A.**
Attorneys for Plaintiffs
2350 South Dixie Highway
Miami, FL  33133
(305) 854-4900
FAX: (305) 854-8266
Email: scolaro@leesfield.com

By:_____

**IRA H. LEESFIELD**
Fla. Bar No. 140270
**THOMAS SCOLARO**
Fla. Bar No. 178276