UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEY WEST DIVISION

IN ADMIRALTY

Case No. 06-10121-CIV-
MOORE/GARBER

IN THE MATTER OF THE COMPLAINT
OF MANUEL RUIZ, as Owner of the 17'7"
2006 Key West Hull Identification Number
KWEBE 157A606 FOR EXONERATION
FROM AND/OR LIMITATION OF LIABILITY
_____/

## CLAIMANTS' MOTION TO DISMISS FOR
## LACK OF SUBJECT MATTER JURISDICTION

Claimants Andrew W. Smith and Alexandra Smith, as surviving parents and co-personal representatives of Charles Smith, a minor, Andrew W. Smith and Alexandra Smith, individually; and William Ryan Smith, a minor, individually and through his parents, Andrew W. Smith and Alexandra Smith, respectfully move this Court for the entry of an order dismissing the instant limitation-of-liability proceeding for lack of subject matter jurisdiction. The basis for this Motion is contained in the following Memorandum.

### BACKGROUND

This case arises out of the horrific death of six-year-old Charlie Smith, who was killed while he was snorkeling with his father and older brother in the State territorial waters near Sunset Marina at Cow Key Channel. On May 29, 2006, the Smith family's outing was tragically cut short when thirteen-year-old Christopher Ruiz recklessly drove his 90 horsepower motorboat over young Charlie Smith, nearly decapitating him as his father and brother watched in horror. Christopher Ruiz then

rammed his boat into the Smiths' boat, which was lawfully at anchor with a raised divers-down flag. That caused the Smiths' boat to sink, leaving Charlie's father, his brother and Charlie's fatally injured body in the water.

Despite frantic pleas for help from Charlie's father, Christopher Ruiz fled the scene. He simply went home and docked the boat behind his home. He did nothing whatsoever to report the incident to law enforcement authorities. Moreover, neighbors of the Ruiz family have recounted numerous incidents in which young Christopher Ruiz was recklessly speeding boats in the waters around their homes.

## MEMORANDUM

This is an action for exoneration or limitation of liability by the owner of a pleasure craft under 46 U.S.C. §§ 181-189. It is based on an accident that occurred off Key West, Florida on or about May 29, 2006. The Claimants have filed wrongful-death and personal-injury claims in Florida State Court against the vessel's owner, Petitioner Manuel Ruiz, and others. A copy of the State-Court Complaint is attached. The Complaint alleges wrongful death claims against the vessel owner, Petitioner Manuel Ruiz--negligent entrustment (Count I) and negligent supervision (Count III). Both claims, if proved, by definition would establish the necessary privity to preclude limitation of liability under 46 U.S.C. § 183(a).[1] By the same token, if the Claimants failed to prove these two

---

[1]Sub-section (a) provides:

> The liability of the owner of any vessel, whether American or foreign, for any embezzlement, loss, or destruction by any person of any property, goods, or merchandise shipped or put on board of such vessel, or for any loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not, except in the cases provided for in sub-section (b) of this section, exceed the amount or value of the interest of such

2

claims, by definition they will have failed to prove the requisite privity.

In analogous circumstances, in *Joyce v. Joyce*, 975 F. 2d 379 (7th Cir. 1992), *cited in Suzuki of Orange Park, Inc. v. Shubert*, 86 F. 3d 1060, 1064 (11th Cir. 1996), the court affirmed the district court's dismissal for lack of subject-matter jurisdiction under the Limitation of Shipowner's Liability Act. The court reasoned, 975 F. 2d at 385:

> When we turn to an examination of the law of negligent entrustment, it becomes evident that, if a shipowner knows enough to be liable for negligent entrustment, he knows too much to be eligible for limited liability under the Act. As the parties both point out, regardless of the resolution of the choice of law issue, the essential thrust of the tort of negligent entrustment is that a shipowner can be held liable for negligent entrustment only if he knows or has reason to know that the person being entrusted is incapable of operating the vessel safely.
>
> * * * * * * * * * *
>
> Given the nature of the tort of negligent entrustment, it is clear that the Limitation of Shipowner's Liability Act affords no protection to William [the petitioner]. If William knew or had reason to know that Ivkovich should not have been entrusted with the boat, he not only committed the tort of negligent entrustment but also had either knowledge or constructive knowledge sufficient to place him beyond the protection of the Limitation of Shipowner's Liability Act. On the other hand, if William did not entrust the boat to Ivkovich under circumstances in which he knew or should have known of Ivkovich's inability, he will incur no liability for negligent entrustment and, consequently, has no need of the Act's protection. In either case, the district court could not do anything to affect either party and was correct to dismiss the suit for lack of subject matter jurisdiction.

*See also Fecht v. Makowski*, 406 F. 2d 721, 722-23 (5th Cir. 1969) ("no grant of limitation is possible" where owner was operating the vessel; in such a case "the basis for granting exoneration vanishes"), *cited in Suzuki, supra*, at 1063-64. The court in *Joyce* also said that "[e]ven if the district court was wrong in characterizing its action as a dismissal for want of jurisdiction . . . we

---

owner in such vessel, and her freight then pending.

nevertheless would sustain its disposition of the case. . . . In the circumstances here, the complaint could not have been amended to state a claim to which the Limitation of Shipowner's Liability Act could be applied." 975 F. 2d at 386 n. 7.

The instant case is precisely analogous. The only two claims against shipowner Manuel Ruiz are for negligent entrustment and negligent supervision. These claims inherently require proof of privity. For the reasons stated, therefore, this action should be dismissed for lack of subject matter jurisdiction.

      Respectfully submitted,

      IRA H. LEESFIELD
      Fla. Bar No: 140270
      Leesfield@leesfield.com
      Leesfield Leighton & Partners, P.A.
      2350 South Dixie Highway
      Miami, FL 33133
      Tel: (305) 854-4900
      Fax: (305) 854-8266

      and

BY:_____s/_____
      Joel S. Perwin
      Fla Bar No: 316814
      jperwin@perwinlaw.com

      JOEL S. PERWIN, P.A.
      Alfred I. DuPont Bldg.
      Suite 1422
      169 E. Flagler Street
      Miami, FL 33131
      Tel: (305) 779-6090
      Fax: (305) 779-6095

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of February, 2007, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

                                               _____s/_____
                                               Joel S. Perwin
                                               Florida Bar No: 316814

## SERVICE LIST

James N. Hurley, Esq.
Jhurley@fowler-white.com
Fowler White Burnett, P.A.
1395 Brickell Avenue - 14th Floor
Miami, FL 33131
Tel: (305) 789-9200
Fax: (305) 789-9201
Attorneys for Plaintiff
Manuel Ruiz
Notice of CM/ECF Electronic Filing