IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
IN ADMIRALTY

Case No. 06-10121-CIV-MOORE/GARBER

MANUEL RUIZ, as owner of the 17' 7" 2006 Key West Hull Identification Number KWEBE157A606, FOR EXONERATION OF AND/OR LIMITATION OF LIABILITY,

Plaintiff.
_____/

**CLOSED CIVIL CASE**

## ORDER GRANTING CLAIMANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon Claimants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE # 18).  Plaintiff filed a Response (DE # 27) and Claimants filed a Reply (DE # 29).

UPON CONSIDERATION of the motion and being otherwise fully advised in the premises, the Court enters the following Order.

**I.**      **Background**

This suit arises out of an incident in which thirteen-year-old Christopher Ruiz, driving a 90 horsepower motorboat belonging to Plaintiff Manuel Ruiz, drove over six-year-old Charlie Smith while Smith was snorkeling with family members.  Smith received catastrophic and fatal injuries.  Christopher Ruiz then struck the Smiths' boat, which sunk as a result.

The Claimants, members of the Smith family, filed suit in Florida State Court for claims of negligent entrustment and negligent supervision.  Plaintiff filed this case seeking limitation of

liability pursuant to 46 U.S.C. § 181 *et seq.* Those sections of the code had been repealed in October of 2006, however, and the relevant limitation of liability sections are now to be found at 46 U.S.C. § 30501 *et seq.* In the instant motion, Claimants move for dismissal and argue their claims for negligent entrustment and negligent supervision would, by nature, preclude limitation of liability pursuant to 46 U.S.C. § 30505. That section states:

> **(a) In general.**--Except as provided in section 30506 of this title, the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight. If the vessel has more than one owner, the proportionate share of the liability of any one owner shall not exceed that owner's proportionate interest in the vessel and pending freight.
> **(b) Claims subject to limitation.**--Unless otherwise excluded by law, claims, debts, and liabilities subject to limitation under subsection (a) are those arising from any embezzlement, loss, or destruction of any property, goods, or merchandise shipped or put on board the vessel, any loss, damage, or injury by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of the owner.

46 U.S.C. § 30505.

## II.   Subject Matter Jurisdiction

As the Eleventh Circuit explained in <u>Morrisson v. Amway Corp.</u>:

> Attacks on subject matter jurisdiction under Rule 12(b)(1) come in two forms, 'facial' and 'factual' attacks. Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

323 F.3d 920, 925 n.5 (11th Cir. 2003). The instant motion is a facial attack, and the Claimants assert lack of subject matter jurisdiction solely on the basis of the pleadings.

### III. Discussion

Claimants argue that limitation of liability is not available to Plaintiff in this case, as Claimants' state court claims are negligent entrustment and negligent supervision, and "if proved, [these claims] by definition would establish the necessary privity to preclude limitation of liability under [46 U.S.C. § 30505]." Claimants' Mot. at 2. According to Claimants' theory, if Petitioner is found liable in state court for negligent entrustment and negligent supervision, that would be sufficient evidence of his privity or knowledge, causing Petitioner's limitation of liability action to fail. On the other hand, if Petitioner is found not liable for negligent entrustment and negligent supervision, then Petitioner has no liability and the case before this Court is moot.

Petitioner claims this Court has exclusive jurisdiction over the "issue of a vessel's owner (sic) privity or knowledge." Pet. Resp. at 1. He argues that if Claimants are allowed to litigate their claims in state court, they must waive any *res judicata* or issue preclusion arguments in the instant limited liability case. Id. at 2. Petitioner relies on Beiswenger Enterprises Corp. v. Carletta in claiming that the Eleventh Circuit "has specifically recognized the potential need for re-litigation of the factual issues determined in a State Court action in order to protect a vessel's owners legal rights." Id. at 3, Beiswenger, 86 F.3d 1032 (11th Cir. 1996).

The parties debate the applicability of the case most on point, Joyce v Joyce. 975 F.2d 379 (7th Cir. 1992). In Joyce, Plaintiff claimed Defendant "was negligent in entrusting his pleasure boat to [a third party] who was driving the boat" when Plaintiff was injured. Id. at 380. Defendant filed a federal complaint for limitation of liability. Id. The district court, acting *sua*

3

*sponte*, dismissed the case "for lack of subject matter jurisdiction because it determined that the Act gave it no power to limit William's liability." Id. The Seventh Circuit affirmed the district court's ruling. Id. The Joyce district court had reasoned that

> because [Plaintiff's] cause of action against [Defendant] was an allegation of [Defendant's] own direct misconduct in entrusting the boat to [the third party], . . . either (1) [Defendant] did entrust the boat . . . in which case that entrustment was within [Defendant's] 'privity or knowledge' and the Act does not apply, or else (2) [Defendant] did not entrust the boat . . . , in which case [Plaintiff's] suit will fail and [Defendant] has no need for the Act to apply. In either case, the court would be powerless to do anything to affect either party.

Id. at 382. The Seventh Circuit concluded that "[g]iven the nature of the tort of negligent entrustment, it is clear that the Limitation of Shipowner's Liability Act affords no protection to [the Defendant and] the district court could not do anything to affect either party and was correct to dismiss the suit for lack of subject matter jurisdiction." Id. at 385. Additionally, the defect in the Joyce complaint was held to be incurable, as "the complaint could not have been amended to state a claim to which the Limitation of Liability Act could be applied." Id. at 386 n. 7.

Petitioner relies on Beiswenger for his argument that "certain issues, which may be litigated in State Court, are not binding in limitation action (sic)" and therefore dismissal would be inappropriate. Pet. Resp. at 2. Beiswenger arose out of injuries to Carletta and the death of Meyers, after they hired the Beiswenger company to take them parasailing. 86 F.3d at 1034. Beiswenger initiated a limitation of liability suit, and Carletta, along with Meyers' estate and children (the "Beiswenger Defendants"), filed an action in state court for personal injury and wrongful death. Id. at 1035. The Beiswenger Defendants sought to have the injunction against the state court proceeding lifted and offered "a series of stipulations designed to protect

4

[Beiswenger's] rights under the Limitation Act." Id. The limitation proceeding was stayed, the injunction lifted, and the appeal ensued, largely dealing with the procedures for continuing with a state court action while protecting the vessel owner's rights with stipulations, and the adequacy of the stipulations . Id. at 1034, 1036. Beiswenger is not pertinent to the issues in the instant motion.

The Eleventh Circuit has noted that "the admiralty court may decide the privity or knowledge issue without first deciding the liability issue . . . where it is otherwise impossible under any set of circumstances for the vessel owner to demonstrate the absence of privity or knowledge." Suzuki of Orange Park, Inc., v. Shubert, 86 F.3d 1060, 1064 (11th Cir. 1996). In the same case, the Eleventh Circuit cited Joyce approvingly for the premise that "where [the] sole allegation against [a] boat owner is negligently entrusting the boat to its operator, the boat owner is necessarily ineligible for limited liability because privity or knowledge is an element of the tort of negligent entrustment." Id. This Court agrees with the logic in Joyce. If Petitioner Ruiz was negligent in entrusting the boat to Christopher Ruiz, or in supervising the thirteen-year-old, then Petitioner's actions would necessarily be within his "privity or knowledge" and no limitation of liability would be available for Petitioner's own negligence. If the state court action results in a finding that there was no negligent entrustment or supervision by the Petitioner, then this limitation of liability action is unnecessary and moot.

IV.     Conclusion

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Claimants' Motion to Dismiss for Lack of Subject Matter Jurisdiction (DE # 18) is GRANTED. This case is DISMISSED for lack of subject matter jurisdiction. The clerk is instructed to CLOSE this case. All pending motions not yet ruled upon are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 18th day of June, 2007.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:     All counsel of record